UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CORA ZELAYA,

    Plaintiff (s),

v.

SENIOR LINK 7 INC,
a/k/a A+ SENIOR HOME
and MINERVA MARIN,
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now the Plaintiff Cora Zelaya, by and through the undersigned counsel, and hereby sues Defendants Senior Link 7 Inc, a/k/a A+ Senior Home, and Minerva Marin, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid minimum wages, overtime hours, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 USC § 1337 and by Title 29 USC §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Cora Zelaya is a resident of Dade County, Florida, within this Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant Senior Link 7 Inc, a/k/a A+ Senior Home (hereinafter Senior Link 7, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. Defendant was and is engaged in interstate commerce.

4. Defendant Minerva Marin was and is now the owner/partner/officer/and Administrator of Senior Link 7. Defendant Minerva Marin was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)], and she is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint occurred in Dade County, Florida, within this Court's jurisdiction.-

## General Allegations

6. Plaintiff Cora Zelaya brings this cause of action as a collective action to recover from the Defendants minimum wages, overtime compensation liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being adequately compensated.

7. Defendant Senior Link 7 was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B). Defendant is an assisted living facility that provides room, board, personal, and healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as a

caregiver at a facility engaged in caring for the sick, the aged, or the mentally ill". Therefore, there is FLSA individual coverage.

9. Defendants Senior Link 7 and Minerva Marin employed Plaintiff Cora Zelaya as a non-exempted, full-time caregiver from February 9, 2023, to February 16, 2023, or one week.

10. Plaintiff had a wage rate of $10 an hour. She was promised to be paid fairly for all her working hours.

11. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the employer.

12. Plaintiff was assigned to work as a caregiver for the elderly and Alzheimer's patients who resided at Senior Link 7 assisted living facility.

13. The Plaintiff's duties at the residential facility included feeding the patients, cleaning, and assisting the elderly patients with daily living activities such as bathing, dressing, grooming, changing diapers, administering medicines, etc.

14. While employed by Defendants, Plaintiff worked 7 days per week, a total of 86 hours. Excepting her first day of work, in which Plaintiff worked from 6:00 PM to 8:00 PM (2 hours), the remaining days. Plaintiff worked from 5:00 AM to 7:00 PM (14 hours daily). Thus, during the week Plaintiff was employed, she worked 86 hours). Plaintiff did not take bonafide lunchtime periods.

15. On or about February 16, 2023, Plaintiff was driven to the owner's house to clean. Plaintiff told the owner of the business Minerva Marin, that she was working too many hours and expected to be paid for all her hours. Plaintiff also told Minerva Marin that she did not know she had to clean houses. Plaintiff was left alone in the

place without running water and food. Nobody picked up Plaintiff to take her back to the ALF. Plaintiff returned by herself.

16. When Plaintiff arrived at the ALF, accountant Natalia Sotomayor paid Plaintiff $560.00 for 7 days with 86 working hours.

17. Plaintiff complained and told Natalia Sotomayor that there was missing payment for many working hours and that she was not being paid for overtime hours.

18. The accountant told Plaintiff that she had nothing to do with her pay and that if she did not like it, she had to leave and fired Plaintiff on the spot.

19. On or about February 16, 2023, Plaintiff was terminated because she complained about missing payment for working hours.

20. Plaintiff worked 86 hours, but she was paid only $560.00. This amount divided by the number of hours worked resulted in a regular rate of $6.51, which is below the minimum wage required by law.

21. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as established by the FLSA.

22. Plaintiff did not clock in and out, but Defendants' were in complete control of Plaintiff's schedule and activities.

23. Therefore, Defendants willfully and intentionally failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 USC §206 (a)).

24. Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

25. Plaintiff was paid in cash without any paystub or record providing basic

information about the number of days and hours worked, wage rate paid, employment taxes withheld, etc.

26. At times mentioned, individual Defendant Minerva Marin was the owner and administrator of Senior Link 7. Defendant Minerva Marin was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. In that, this individual Defendant acted directly in Senior Link 7's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Minerva Marin had absolute financial and operational control of the Corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

27. Plaintiff Cora Zelaya seeks to recover unpaid minimum wages and overtime wages accumulated during her employment with Defendants, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

### Collective Action Allegations

28. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours every at the rate of time and one-half their regular rate.

30. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the

unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

31. Plaintiff Cora Zelaya re-adopts every factual allegation stated in paragraphs 1-29 above as stated in full.

32. This cause of action is brought by Plaintiff Cora Zelaya as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants Senior Link 7 and Minerva Marin employed Plaintiff Cora Zelaya as a non-exempted, full-time caregiver from February 9, 2023, to February 16, 2023, or one week.

34. Plaintiff had a wage rate of $10.00 an hour. She was promised to be paid fairly for all her working hours.

35. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the employer.

36. Plaintiff was assigned to work as a caregiver for the patients who resided at Senior Link 7 assisted living facility.

37. While employed by Defendants, Plaintiff worked seven days per week, a total of 86 hours.

38. On or about February 16, 2023, Plaintiff was driven to the owner's house to clean. Plaintiff told the owner of the business Minerva Marin, that she was working too many hours and expected to be paid for all her hours.

39. When Plaintiff arrived at the ALF, accountant Natalia Sotomayor gave Plaintiff $560.00 for 7 days with 86 working hours.

40. Plaintiff did not clock in and out, but Defendants' were in complete control of Plaintiff's schedule and activities.

41. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

42. Plaintiff was paid in cash without any paystub or record providing basic information about the number of days and hours worked, wage rate paid, employment taxes withheld, etc.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody.  However, the Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

44. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Seven Hundred Fifty-Nine Dollars and 00/100 ($759.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 1 week
   Relevant weeks of employment:  1 week
   Total hours worked:  86 hours weekly
   Total unpaid O/T hours: 46 O/T hours
   Wage rate:  $10.00 an hour
   Florida mínimum wage 2023: 11.00 x 1.5=$16.50
   O/T rate: $16.50


   O/T rate $16.50 x 46 O/T hours=$759.00 weekly x 1 week=$750.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

47. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendants Senior Link 7 and Minerva Marin willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorneys' fee.

Prayer for Relief

Wherefore, Plaintiff Cora Zelaya and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Cora Zelaya and other similarly situated individuals and against the Defendants Senior Link 7 and Minerva Marin, based

on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Cora Zelaya actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Cora Zelaya demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

51. Plaintiff Cora Zelaya re-adopts every factual allegation stated in paragraphs 1-29 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff Cora Zelaya and those similarly situated to recover from the Employer Senior Link 7 unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

53. Defendant Senior Link 7 was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B).

54. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

55. USC §206 states "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

56. Defendants Senior Link 7 and Minerva Marin employed Plaintiff Cora Zelaya as a non-exempted, full-time caregiver from February 9, 2023, to February 16, 2023, or one week.

57. Plaintiff had a wage rate of $10 an hour. She was promised to be paid fairly for all her working hours.

58. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the employer.

59. Plaintiff was assigned to work as a caregiver for the elderly and Alzheimer's patients who resided at Senior Link 7 assisted living facility.

60. While employed by Defendants, Plaintiff worked 7 days per week, a total of 86 hours. Plaintiff did not take bonafide lunchtime periods.

61. On or about February 16, 2023, accountant Natalia Sotomayor gave Plaintiff $560.00 for 7 days with 86 working hours.

62. Plaintiff complained and told Natalia Sotomayor that there were many missing hours. The accountant told Plaintiff that she had nothing to do with her pay and fired Plaintiff on the spot.

63. Plaintiff worked 86 hours, but she was paid only $560.00. This amount divided by the number of hours worked resulted in a regular rate of $6.51, which is below the minimum wage required by law.

64. Plaintiff did not clock in and out, but Defendants' were in complete control of Plaintiff's schedule and activities.

65. Therefore, Defendants willfully and intentionally failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 USC §206 (a)).

66. Plaintiff was paid in cash without any paystub or record providing basic information about the number of days and hours worked, wage rate paid, employment taxes withheld, etc.

67. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. -- Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

69. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
    *Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage rate applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Hundred Seventy-Nine Dollars and 60/100 ($179.60)

    b. <u>Calculation of such wages</u>:

       Total time of employment: 1 week
       Relevant weeks of employment:  1 week
       Total hours worked: 40 hours
       Regular rate paid: $6.51
       Florida Minimum wage rate 2023: $11.00-$6.51 rate paid=$4.49 difference

       $4.49 min. wage difference x 40 hours=$179.60

    c. <u>Nature of wages</u>:

       This amount represents unpaid minimum wages at Florida min. wage rate[2]

70. Defendants Senior Link 7 and Minerva Marin unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last employment date.

71. Defendants Senior Link 7 and Minerva knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

similarly situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

72. Defendants Senior Link 7 and Minerva Marin willfully and intentionally refused to pay Plaintiff minimum wages as required by United States law and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

73. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Cora Zelaya and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Cora Zelaya and against the Defendants Senior Link 7 and Minerva Marin based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Cora Zelaya and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION
## PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

74. Plaintiff Cora Zelaya re-adopts every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

75. Defendant Senior Link 7 was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B).

76. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

77. 29 USC § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

79. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

80. Defendants Senior Link 7 and Minerva Marin employed Plaintiff Cora Zelaya as a non-exempted, full-time caregiver from February 9, 2023, to February 16, 2023, or one week.

81. Plaintiff had a wage rate of $10.00 an hour.

82. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the employer.

83. Plaintiff was assigned to work as a caregiver for the patients who resided at Senior Link 7 assisted living facility.

84. While employed by Defendants, Plaintiff worked 7 days per week, a total of 86 hours. Plaintiff did not take bonafide lunchtime periods.

85. On or about February 16, 2023, Plaintiff was driven to the owner's house to clean. Plaintiff told the owner of the business Minerva Marin, that she was working too many hours and expected to be paid for all her hours. Plaintiff was left alone in the house without running water and food. Nobody picked up Plaintiff to take her back to the ALF. Plaintiff returned by herself.

86. When Plaintiff arrived at the ALF, accountant Natalia Sotomayor gave Plaintiff $560.00 for 7 days with 86 working hours.

87. Plaintiff complained and told Natalia Sotomayor that there was missing payment for many working hours and that she was being paid for overtime hours.

88. This complaint constituted protected activity under 29 USC 215(a)(3).

89. However, the accountant told Plaintiff that she had nothing to do with her pay and that if she did not like it, she had to leave and fired Plaintiff on the spot.

90. On or about February 16, 2023, Plaintiff was terminated because she complained about missing payment for regular and overtime hours.

91. Plaintiff worked 86 hours, but she was paid only $560.00. This amount divided by the number of hours worked resulted in a regular rate of $6.51, which is below the minimum wage required by law.

92. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as established by the FLSA.

93. Plaintiff did not clock in and out, but Defendants' were in complete control of Plaintiff's schedule and activities.

94. Therefore, Defendants willfully and intentionally failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 USC §206 (a)).

95. Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

96. Plaintiff was paid in cash without any paystub or record providing basic information about the number of days and hours worked, wage rate paid, employment taxes withheld, etc.

97. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire her.

98. There is close proximity between Plaintiff's protected activity and her termination.

99. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid regular and overtime wages.

100. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

101. Plaintiff Cora Zelaya has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

## Prayer For Relief

Wherefore, Cora Zelaya respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act; Senior Link 7 and Minerva Marin.

B. Enter judgment against Defendants Senior Link 7 and Minerva Marin that Plaintiff Cora Zelaya recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable Attorney fees, costs, and expenses.

D. Order the Defendants Senior Link 7 and Minerva Marin to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Cora Zelaya further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Cora Zelaya demands a trial by a jury of all issues triable as a right by a jury.

Date: February 27, 2023,

Respectfully submitted,

By: __/s/ Zandro E. Palma_____
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031

>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>zep@thepalmalawgroup.com
>*Attorney for Plaintiff*