UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-20775-BLOOM/Otazo-Reyes

CORA ZELAYA,

    Plaintiff,

v.

SENIOR LINK 7, INC.,
a/k/a A+ SENIOR HOME,
and MINERVA MARIN, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS CASE WITH PREJUDICE

Plaintiff, CORA ZELAYA ("Plaintiff"), and Defendants, SENIOR LINK 7, INC., a/k/a A+ SENIOR HOME, and MINERVA MARIN (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), pursuant to the Court's practice on FLSA cases, hereby file this Joint Motion to Approve Settlement and to Dismiss this Case with Prejudice, and in support thereof state as follows:

### BACKGROUND

1. On or about February 28th, 2023, Plaintiff filed her Complaint in the U.S. District Court for the Southern District of Florida, Miami Division. [D.E. 1.]

2. In the Complaint, Plaintiff alleged a claim for overtime violations (Count I), minimum wage violations (Count II), and Retaliation (Count III) under the Fair Labor Standards Act ("FLSA"). *Id.*

3. Defendants vehemently deny Plaintiff's allegations and dispute Plaintiff's claims against them.

4. Nevertheless, the Parties engaged in good faith settlement discussions that included careful review of time and pay records, as well as Plaintiff's employment records.

5. Even though Defendants vehemently deny Plaintiff's allegations, in order to avoid the costs and uncertainty of litigation, the Parties have reached an agreement to resolve all claims alleged in the Complaint.

6. Pursuant to the Parties' settlement, Plaintiff will receive full relief and compensation, *without compromise*, for Plaintiff's claim for the alleged unpaid minimum and overtime wages, plus liquidated damages and reasonable attorneys' fees and costs, and a separate amount for the resolution of Plaintiff's claim for alleged retaliation.

7. The Parties, therefore, seek this Honorable Court's approval of the settlement of Plaintiff's claims alleged in the Complaint.

## MEMORANDUM OF LAW

Courts "favor and encourage settlements in order to conserve judicial resources." *Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483, 1487 (11th Cir. 1994). Under *Lynn's Foods Stores, Inc., v. U.S.,* 679 F.2d 1350 (11th Cir. 1982), lawsuits involving claims for unpaid wages under the FLSA may only be settled or compromised with the approval of the Secretary of Labor or the Court. *See id.* However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims." *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003). When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny. *Id.*; *see also Gordon v. Demetrios*

*LLC,* Case No. 6:19-cv-2050-Orl-78GJK, 2020 WL 7480726, at *2 (M.D. Fla. Apr. 7, 2020) (accepting as true for purposes of FLSA settlement approval the parties' representation that the plaintiff was receiving full compensation for his claims, without compromise), report and recommendation adopted, 2020 WL 7480716 (M.D. Fla. Apr. 22, 2020); *Haney v. Sch. Bd. of Union Cty.,* Case No. 3:16-cv-345-J-32MCR, 2017 WL 583383, at *2 (M.D. Fla. Jan. 24, 2017) (same), report and recommendation adopted, 2017 WL 564968 (M.D. Fla. Feb. 13, 2017).

After a detailed review of Plaintiff's FLSA claims, as well as Plaintiff's time and compensation records, the Parties jointly represent and stipulate that Plaintiff is receiving full compensation for her claims for alleged unpaid overtime and minimum wages, as well as an equal amount for alleged liquidated damages, under the settlement between the Parties. Thus, Plaintiff is receiving full relief and compensation for her overtime and minimum wage claims without any compromise.

With respect to Plaintiff's claim for Retaliation (Count III), "court approval of an FLSA retaliatory discharge settlement is not required." *Brenowitz v. Implant Seminars, Inc.*, 17-20184-CIV, 2017 WL 3438879, at *2 (S.D. Fla. Aug. 10, 2017). Indeed, "only when the settlement of the retaliation claim affects the fairness of the settlement of the wage claims will the court review the retaliatory discharge claim for fairness." *Id.* Here, Plaintiff is receiving a separate amount for her alleged damages under Plaintiff's claim for alleged Retaliation. Moreover, because Plaintiff is receiving full compensation for her claims for alleged unpaid overtime and minimum wages, the settlement of Plaintiff's claim for Retaliation does not and cannot contaminate the settlement of Plaintiff's claim for alleged unpaid overtime and minimum wages.

Further, separate and apart from Plaintiff's recovery, the Parties' negotiated the amount for Plaintiff's recovery of her attorneys' fees and costs incurred in this case. After these negotiations,

the Parties agreed on the settlement amount for attorneys' fees and costs under the Parties' settlement. For these reasons, the Parties jointly stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's claims and that the settlement advances judicial economy.

The parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

WHEREFORE, Plaintiff, CORA ZELAYA, and Defendants, SENIOR LINK 7, INC., and MINERVA MARIN, jointly respectfully request that this Honorable Court grant this Motion and enter their proposed Order approving the settlement dismissing this case with prejudice attached hereto as Ex. "1," which includes a reservation of the Court's jurisdiction for a period of 30 days to enforce the Parties' settlement agreement (if necessary).[1]

Respectfully submitted this 12TH day of June 2023:

| | |
|---|---|
| By: *s/Zandro E. Palma* <br> Zandro E. Palma, Esq. <br> FBN: 0024031 <br> Zandro E. Palma, P.A. <br> 9100 S. Dadeland Blvd., Suite 1500 <br> Miami, FL 33156 <br> E-mail: zep@thepalmalawgroup.com <br> Telephone: (305) 446-1500 <br> Facsimile: (305) 446-1502 <br> *Counsel for Plaintiff* | By: *s/Alexander Pastukh* <br> Alexander Pastukh, Esq. <br> FBN: 809551 <br> Law Offices of Alexander Pastukh, P.A. <br> 1395 Brickell Ave., Suite 800 <br> Miami, FL 33131 <br> Email: apastukh@appalaw.com <br> Telephone: (305) 502-5715 <br> *Counsel for Defendants* |

---

[1] Pursuant to Local Rule 7.1(a)(2) and section 3I(6) of the CM/ECF Administrative Procedures, the Parties' proposed Order dismissing this case with prejudice, which is attached hereto as Ex. "1," has been submitted in Word format to: bloom@flsd.uscourts.gov.